■ In the Matter of the Claim of MARION DENNY, Appellant, against KNICKERBOCKER CONSTRUCTION CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Two claimants contend they were married to the deceased employee and entitled to compensation death benefits. One claimant offered proof of a common-law marriage contracted in 1923; the other established a ceremonial marriage in 1938. The Workmen's Compensation Board on this controverted record has found that a common-law marriage existed and we are of opinion there is substantial evidence in support of the finding. The claimant-respondent Loretta Denny testified that she began living with decedent in 1923. One interpretation of her testimony could be that the initiation of the relationship was casual and meretricious and that she and the decedent did not intend thereby to become husband and wife. She testified, for example, that there was a conversation between decedent and herself before living together to the effect that "it was cheaper for us to live together than to be paying rent for me and him both"; and in answer to whether anything was said about getting married, she testified: "No, not married. We call ourselves married. We lived together. We'd be married man and wife." But when the question was asked of the claimant-respondent whether she had taken "any vow with him", she answered: "That we were married? He gave me a ring." Thus this testimony in the context of her explanation that "We call ourselves married. We lived together We'd be married man and wife" is enough to justify the finding overriding the inconsistent part of the testimony of this claimant that nothing "was said" about getting married. It could be found, for example, that the intention "We'd be married man and wife" was symbolized, if not formalized, by the giving of a ring which the witness described in answering the question

whether there was any "vow" taken. There is proof that in places where they lived after 1923 they were publicly regarded as husband and wife and publicly treated each other in that relation. Their names appeared on the door in that relation and deceased introduced this claimant as his wife. The relationship seems to have continued until at least the ceremonial marriage in 1938 with claimant-appellant. Although there is evidence that in formal documents which would be germane to the period 1923–1938 decedent said he was not married and there is other proof in this direction the question of fact on which the 1923 marriage depends seems open to a finding that there was such a marriage. The finding of the board does not in exact language state that the parties entered into a marriage by living together with that intent; but it is sufficient as a factual finding in the statement that they lived together "during which period she was known as his wife" and the clause "inasmuch as the common-law marriage was contracted" must be construed with the other factual findings in direct context as sufficient to sustain the decision based on the board's conclusion that the claimant-respondent "was the legal widow of the decedent inasmuch as the common-law marriage was contracted prior to April 29, 1933". The findings, taken in their entirety, seem to us to be technically sufficient. Decision and award affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.